FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 07 2011

GREGORY C. LANGHAM
                    CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01284-BNB

WYATT T. HANDY JR.,

    Plaintiff,

v.

CITY OF SHERIDAN, Individually & Official Capacity,
DET. KRISTINE BRYANT, Individual & Official Capacity,
OFF. MIKE MONTOYA, Individually,
OFF. ROBERT ARELLANO, Individually,
OFF. NANCY SCHWAN, Individually,
OFF. CLARK CAPE, Individually,
ARAPAHOE COUNTY DISTRICT ATTORNEY'S OFFICE,
DDA LAURA WILSON, Individual & Official Capacity,
LACY JO SMITH, Individually,
JAMES C. BURKS, Individually, and
ANDY GIAVIANO, Individually,

    Defendants.

---

ORDER TO DISMISS IN PART AND
TO STAY IN PART AND ADMINISTRATIVELY CLOSE THE ACTION

---

Plaintiff, Wyatt T. Handy Jr., currently is detained at the Arapahoe County Detention Facility in Centennial, Colorado. Mr. Handy, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Mr. Handy also asserts ten state law claims.

The Court must construe the Complaint liberally because Mr. Handy is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not serve as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Complaint will be dismissed in part and stayed in part.

Mr. Handy raises twenty-one claims challenging a criminal proceeding in the Arapahoe County District Court. Although some of the claims are repetitive, overall Mr. Handy asserts (1) a violation of his First Amendment rights to freedom of speech and to petition the government to redress grievances; (2) malicious and retaliatory prosecution; (3) a violation of his Fourth Amendment right in preparing a false and misleading affidavit to support his arrest warrant; (4) a violation of his Fourteenth Amendment rights for failure to investigate; (5) a *Brady* violation; (6) conspiracy of private individuals, police, and the prosecution to prepare a misleading and false affidavit in connection with his arrest warrant; and (7) ten state law claims. All of the claims pertain to his criminal proceeding in Arapahoe County District Court. Mr. Handy seeks money damages and preliminary and permanent injunctive relief.

Mr. Handy may not challenge the validity of his conviction for money damages pursuant to 42 U.S.C. § 1983 based on a Fourteenth Amendment malicious prosecution claim unless he has invalidated his conviction and sentence. *See Wallace v. Kato*, 549 U.S. 384, 392 (2007) (describing a claim for damages in a suit for malicious prosecution as one that is barred under *Heck*); *Heck v. Humphrey*, 512 U.S. 477 (1994).

To the extent, Mr. Handy asserts a Fourth Amendment false arrest claim, and challenges the legal process itself as wrongful, he may do so by claiming either he was arrested without a warrant or the warrant was not supported with the required probable cause. *See Wilkins v. DeReyes*, 528 F.3d 790, 798 (10th Cir. 2008). Mr. Handy does not assert he was arrested without a warrant, but he does claim a lack of probable cause based on a false and misleading affidavit in support of the warrant.

The statute of limitations for a Fourth Amendment claim begins to run when the

alleged false imprisonment ends, which is either at the time a victim is released or is bound over by a magistrate or arraigned on charges. *See Mondragon v. Thompson* 519 F.3d 1078, 1082-83 (10th Cir. 2008) (malicious prosecution, unlike false arrest or false imprisonment, concerns only detention after the institution of legal process) (citing *Wallace*, 549 U.S. at 389-90). Mr. Handy appeared at a preliminary hearing and has been bound over by a magistrate. "[D]etermination of probable cause by detached judicial officer that complies with Fourth Amendment constitutes all of the process due in order to constitutionally detain an accused pending trial." *Wilkins*, 528 F.3d at 798 (citing *Taylor v. Waters*, 81 F.3d 429, 436 (10th Cir. 1996)).

The time has begun to run for Mr. Handy to file a Fourth Amendment claim regarding misleading and false affidavits. His false arrest and imprisonment claim is not barred by *Heck*. In *Wallace*, the Supreme Court held the "*Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Wallace*, 549 U.S. at 393 (quoting *Heck*, 512 U.S. at 486-87). Also, in *Wallace*, the Supreme Court stated that if a plaintiff filed a § 1983 action challenging the validity of his arrest before he is convicted it is within the federal district court's power to stay the action until the criminal case is ended. *Id.* at 393-94. If the plaintiff then is convicted and the stayed action would impugn the conviction *Heck* requires dismissal; otherwise, the case may proceed. *Id.* at 394. The Court, therefore, will stay the false arrest and imprisonment claim until the criminal case is ended.

Mr. Handy's Complaint, however, suffers from several deficiencies. Defendant

District Attorney Laura Wilson enjoys immunity from suit under 42 U.S.C. § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). Mr. Handy's allegations against Defendant Wilson involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991). Therefore, Defendant Wilson is an inappropriate party to this action based on absolute immunity.

Defendant Arapahoe County District Attorney's Office also is immune from suit under § 1983. The District Attorney's Office is not a person for § 1983 purposes and as an arm of the state it is protected from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

Finally, to the extent Mr. Handy is seeking to establish state action by Defendants Lacy Jo Smith, James C. Burks, and Andy Giaviano in alleging the police and the prosecution conspired with Defendants Smith, Burks, and Giaviano, mere conclusory allegations of conspiracy with no supporting factual assertions are insufficient. *Scott v. Hern*, 216 F.3d 897, 907 (10th Cir. 2000) (citations omitted). The pleadings must present specific facts that show agreement and concerted action by the defendants. *Id.*

Mr. Handy's conspiracy claims are conclusory and fail to provide any supporting factual assertions. Nothing in Mr. Handy's allegations demonstrates any agreement or concerted action by Defendants Smith, Burks, and Giaviano and the police and the prosecution to conspire against him. Because Mr. Handy does not assert a proper conspiracy claim, the Court finds that Defendants Smith, Burks, and Giaviano did not

act under color of state law and they are inappropriate parties to the action. Accordingly, it is

ORDERED that Mr. Handy's Fourteenth Amendment malicious prosecution claim is dismissed without prejudice as barred by the rule in Heck v. Humphrey, 512 U.S. 477 (1994). It is

FURTHER ORDERED that the claims asserted against Defendants Laura Wilson, Arapahoe County District Attorney's Office, Lacy Jo Smith, James C. Burks, and Andy Giaviano are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and these Defendants are dismissed as inappropriate parties to the suit. It is

FURTHER ORDERED that Mr. Handy's Fourth Amendment false arrest claim as asserted against Defendants City of Sheridan, Kristine Bryant, Mike Montoya, Robert Arellano, Nancy Schwan, and Clark Cape is stayed pending resolution of the criminal charges against Mr. Handy and the Clerk of the Court is instructed to close the case administratively as to this claim. It is

FURTHER ORDERED that, if Mr. Handy desires to continue with this case after disposition of the criminal charge against him, he must request that the stay be lifted within thirty days of disposition of the criminal charge, unless an appeal is filed. If he appeals the conviction a request to lift the stay must be filed within thirty days of completion of the appellate process. It is

FURTHER ORDERED that Mr. Handy remains obligated to continue to make monthly payments, when sufficient funds are available, until the $350.00 filing fee is paid in full. If Mr. Handy lacks sufficient funds to make a monthly payment he is

required to show cause why he is unable to make the payment by submitting a certified trust fund account statement to the Court.  It is

FURTHER ORDERED that if Mr. Handy fails to have the monthly payments sent to the Clerk of the Court or to show cause as directed above why he has no assets and no means by which to pay the designated the monthly payment, the Prisoner Complaint will be dismissed without further notice.

DATED at Denver, Colorado, this  7th  day of ___July_____, 2011.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01284-BNB

Wyatt T. Handy, Jr.
Prisoner No. 1006451
Arapahoe County Det. Facility
PO Box 4918
Centennial, CO 80155-4918

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on July 7, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk