FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 1 2011

GREGORY C. LANGHAM
                CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01284-LTB

WYATT T. HANDY JR.,

    Plaintiff,

v.

CITY OF SHERIDAN, Individually & Official Capacity,
DET. KRISTINE BRYANT, Individual & Official Capacity,
OFF. MIKE MONTOYA, Individually,
OFF. ROBERT ARELLANO, Individually,
OFF. NANCY SCHWAN, Individually,
OFF. CLARK CAPE, Individually,
ARAPAHOE COUNTY DISTRICT ATTORNEY'S OFFICE,
DDA LAURA WILSON, Individual & Official Capacity,
LACY JO SMITH, Individually,
JAMES C. BURKS, Individually, and
ANDY GIAVIANO, Individually,

    Defendants.

---

## ORDER

---

    The issue before the Court is the Motion to Quash Subpoena Duces Tecum, Doc. No. 13, filed by the Denver Probation Department, requesting that the Court quash the subpoena Plaintiff served on the Denver Adult Probation Office asking for all past and current probation records pertaining to Colorado Criminal Case No. 06-CR-4627.

    The subpoena Plaintiff used to request the probation records in this case was issued to him by Magistrate Judge Kathleen M. Tafoya for use in the prosecution of *Handy v. Cummings, et al.*, No. 11-cv-00581-WYD-KMT. Plaintiff has improperly used one of the subpoenas issued to him in Case No. 11-cv-00581-WYD-KMT to obtain probation records of a person he named as a defendant in this case.

Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by entering orders that are "necessary or appropriate in aid of [the Court's] jurisdiction." *See Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (per curiam); *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), and "where, as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate," *In re Winslow*, 17 F.3d at 315.

The Court may, in its discretion, place reasonable restrictions on any litigant who generally abuses judicial process. *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981). Plaintiff is warned that any future improper use of subpoenas will result in filing restrictions or other appropriate sanctions. Accordingly, it is

ORDERED that the Motion to Quash Subpoena Duces Tecum, Doc. No. 13, is granted.

DATED at Denver, Colorado, this __11th__ day of ___August___, 2011.

BY THE COURT:

_s/Lewis T. Babcock_
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01284-BNB

Wyatt T. Handy, Jr.
Prisoner No. 1006451
Arapahoe County Det. Facility
PO Box 4918
Centennial, CO 80155-4918

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 11, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk